**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lorenzo LOPEZ–LERMA, Defendant— Appellant.**

**No. 03–30075.**
**D.C. No. CR–02–00054–KI.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2003.[*]

Decided Dec. 10, 2003.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

John C. Laing, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Ellen Pitcher, Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before CHOY, FARRIS, and LEAVY, Circuit Judges.

## MEMORANDUM**

Lorenzo Lopez–Lerma appeals the district court's denial of his motion to suppress evidence. Lopez–Lerma entered a conditional guilty plea to possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1), reserving the right to appeal the denial of his motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Because the parties are familiar with the facts, we will not recite them except as necessary. Lopez–Lerma contends that the district court erred in its determination that his encounter with a police officer was not a seizure for the purposes of the Fourth Amendment, and that his consent to search his person and locked bedroom were voluntary.

Whether an encounter constitutes a seizure is a mixed question of law and fact, which we review de novo. *United States v. Cormier,* 220 F.3d 1103, 1110 (9th Cir. 2000). We review the district court's underlying factual findings for clear error. *United States v. Hernandez,* 27 F.3d 1403, 1406 (9th Cir.1994). We review for clear error the district court's determination that consent to search was voluntarily. *United States v. Murillo,* 255 F.3d 1169, 1174, 1175 (9th Cir.2001).

■ Lopez–Lerma first contends that the district court erred in its determination that his encounter with a police officer was not a seizure for the purposes of the Fourth Amendment. He contends that the encounter was a seizure because a reasonable person would not have felt free to leave or end the encounter. He further contends that subsequent consents to search were tainted by the supposed illegal detention. We reject this argument.

"The government may stop and question any individual for any reason as long as the person to whom questions are put remains free to disregard the questions and walk away." *United States v. Arias–Villanueva,* 998 F.2d 1491, 1501 (9th Cir. 1993), citing *United States v. Mendenhall,* 446 U.S. 544, 555, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). A "seizure" occurs only when an officer restrains the liberty of an individual, either by means of physical force or show of authority. *Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

The record discloses that the encounter occurred on a sidewalk, which provided clear access for Lopez–Lerma to walk away, rather than pause to speak with an officer. The officer identified himself and neither drew his weapon nor threatened Lopez–Lerma. Two other officers were visible, but neither joined the discussion. Lopez–Lerma and the officer spoke in Lopez–Lerma's native Spanish, and each understood the other. The tone of the discussion was casual, the encounter was brief, and Lopez–Lerma did not attempt to walk away. While the officer did not tell Lopez–Lerma that he may refuse to answer, lack of such advisement does not transform an otherwise casual encounter into a stop. *See Mendenhall,* 446 U.S. at 555. Under these circumstances, a reasonable person would have felt free to disregard the officer or leave. The district court did not err in its determination that the encounter between Lopez–Lerma and the officer did not constitute a seizure for the purposes of the Fourth Amendment. *See United States v. Arias–Villanueva,* 998 F.2d 1491, 1501 (9th Cir.1993).

■ Lopez–Lerma next argues that even if the initial encounter near the sidewalk were consensual, it evolved into a Fourth Amendment seizure when Lopez–Lerma consented to a welfare check of the apartment. The facts of this case do not indicate an escalation of events that altered the episode from a consensual encounter. Lopez–Lerma accompanied one officer to the apartment then remained outside with another officer for less than a minute, while two officers checked the apartment to determine whether Lopez–Lerma's friend was safe. None of Lopez–Lerma's belongings were seized. Lopez–Lerma stood in close proximity to the parking lot, where he could have retreated to his car. During this time, no officer threatened or drew a weapon against Lo-

pez–Lerma. The record does not reveal an intervening impairment of Lopez–Lerma's ability to leave that would render the encounter a seizure. Because there was no seizure for the purposes of the Fourth Amendment, later consents to search were not tainted due to illegal detention. *See Arias–Villanueva,* 998 F.2d at 1501 n. 1.

■ Lopez–Lerma next contends that the district court erred in its determination that he voluntarily consented to the search his person, and to the later search of his locked bedroom. "Voluntariness is a factual issue based on the totality of the circumstances surrounding the giving of consent." *United States v. Alfonso,* 759 F.2d 728, 740 (9th Cir.1985). The government must demonstrate, by a preponderance of the evidence, that the consent was not the result of duress or coercion. *Schneckloth v. Bustamonte,* 412 U.S. 218, 248, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *United States v. O'Looney,* 544 F.2d 385, 388 (9th Cir.1976).

The government met its burden of demonstrating that Lopez–Lerma's consent was free from coercion. Lopez–Lerma was not yet in custody. Lopez–Lerma accompanied Officer Gonzalez to the apartment and remained outside with another officer for less than a minute, while two officers checked the apartment. During this time, no officer threatened or drew a weapon against Lopez–Lerma. The record does not reveal an intervening impairment of Lopez–Lerma's ability to leave that would render the encounter a seizure. While Lopez–Lerma was not informed of his *Miranda* rights and was not advised that he could withhold consent, these factors do not vitiate the voluntariness of his consent. *See Schneckloth,* 412 U.S. at 227; *United States v. Ritter,* 752 F.2d 435, 439 (9th Cir.1985). No officer threatened Lopez–Lerma in any way, nor did an officer draw a weapon. Lopez–Lerma understood

Officer Gonzalez' request for permission to search him and clearly consented. The district court did not clearly err in its determination that the totality of the circumstances indicated, by a preponderance of the evidence, that Lopez–Lerma voluntarily consented to the search of his person. *See United States v. Ramirez–Jiminez,* 967 F.2d 1321, 1324 (9th Cir.1992); *United States v. Licata,* 761 F.2d 537, 545 (9th Cir.1985).

■ Finally, the district court did not err in its determination that Lopez–Lerma voluntarily consented to the search of his room. The request to search the room quickly followed the previous searches. Although handcuffed, Lopez–Lerma both consented to the search of the bedroom and, when shown the keys, indicated to Officer Gonzalez which would unlock the door. Even though Lopez–Lerma was in custody, he was nonetheless able to voluntarily consent to the search. *See United States v. Watson,* 423 U.S. 411, 424, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976); *United States v. Lindsey,* 877 F.2d 777, 783 (9th Cir.1989).

AFFIRMED.